UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

O

| | |
|---|---|
| ANTON PREJEAN, | Case No. CV 07-05053 DDP (CTx) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR SANCTIONS; ORDERING PAYMENT OF ATTORNEYS' FEES** |
| LYNWOOD UNIFIED SCHOOL DISTRICT, RACHEL CHAVEZ, MARTINA RODRIGUEZ, MARIA LOPEZ, JOSE LUIS SOLACHE, ALFONSO MORALES, GUADALUPE RODRIGUEZ, DHYAN LAL, ROBERTO CASAS, DIANE LUCAS; ANIM MENER, MALCOLM BUTLER, | [Motion filed on July 31, 2008] |
| Defendants. | |

**I. BACKGROUND**

The instant motion arises from a suit for discrimination and retaliation on behalf of ten individuals, including Plaintiff Anton Prejean, against Defendants. Pursuant to this Court's order, on August 2, 2007, Prejean and almost all other plaintiffs filed individual complaints.

Defendants filed a motion to dismiss Prejean's complaint on November 5, 2007. Plaintiff did not oppose this request, and instead asked for leave to file a First Amended Complaint ("FAC"). The Court granted Defendants' motion, and Plaintiff filed his FAC

on December 18, 2007. Defendants again moved to dismiss, and on April 8, 2008, the Court dismissed Plaintiff's FAC and sanctioned him for failing to conform his FAC to the guidelines expressed in the Court's order dismissing a related case, <u>Davis v. Lynwood Unified School District</u>, CV 06-06066. The Court accordingly awarded attorneys fees to Defendants for the time spent preparing their second motion to dismiss, which made many of the same arguments already decided by the Court.

In the ensuing months, Plaintiff and Defendants were not able to agree on a reasonable amount of fees or whether sufficient documentation had been provided to support them. On July 31, 2008, Defendants moved for sanctions to enforce the Court's order, in the amount of fees they had billed to Plaintiff for their hours: $1,671.[1]

On August 21, 2008, the Court denied Defendants' Motion as to fees relating to the preparation of the instant Motion. The Court also granted Plaintiff a further opportunity to respond to Defendants' briefing, because Defendants only provided an itemized breakdown of fees for the first time to Plaintiff in their Reply. The Court also granted Defendants the opportunity to respond to Plaintiff's Surreply.

Plaintiff has filed a Surreply and Defendants have filed a Response. Accordingly, the Court now considers the remaining issues from the instant Motion - whether to award sanctions in the above amount for violation of its order of April 8, 2008.

---

[1] This number is actually <u>less than</u> the revised billing total in Defendants' Reply, which equals $2,208. (Reply, Trejo Decl. ¶ 7.) As $1,671 is requested in both Defendants' Motion and Reply, the Court will not award more than this request.

2

**II.  LEGAL STANDARD**

Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them. Chambers v. NASCO, Inc., 501 U.S. 32, 33 (1991).  In invoking the inherent power to punish conduct which abuses the judicial process, a court must exercise "restraint and discretion" in fashioning an appropriate sanction, which may range from dismissal of a lawsuit to an assessment of attorneys fees.  Id. at 44-45; see also F.J. Hanshaw Enters. v. Emerald River Dev., Inc., 244 F.3d 1128, 1137-38 (9th Cir. 2001)(explaining a court has inherent authority to award sanctions for an attorney's bad faith conduct).  As long as a party receives an appropriate hearing, a party may be sanctioned for abuse of process occurring outside the courtroom, such as disobeying the court's orders.  Chambers, 501 U.S. at 57.

Additionally, 28 U.S.C. § 1927 allows a court to sanction an attorney personally who "so multiplies the proceedings in any case unreasonably and vexatiously . . . ."  28 U.S.C. § 1927.  To sanction an attorney under section 1987, a district court must find that the attorney acted recklessly or in bad faith.  See, e.g., Estate of Blas ex rel. Charqualaf v. Winkler, 792 F.2d 858, 860 (9th Cir. 1989)(finding sanctions were not appropriate where, even if a party's arguments were frivolous, there was no evidence of bad faith).

**III. DISCUSSION**

The parties dispute why they have not been able to come to an agreement over reasonable attorneys fees, and it is unclear from the parties' moving papers who is principally responsible.

3

Defendants did not provide an itemized statement until their Reply, but provided an invoice on May 30, 2008 in which they agreed to provide billing documentation. (Mot., Ex. 2.)  Plaintiff delayed paying the invoice, but there appears to have been a lack of documentation.  These facts do not rise to the level of sanctions, as both sides share some blame for the current state of affairs and the Court does not see evidence of bad faith. See, e.g., Leon v. IDX Systems Corp., 464 F.3d 951, 961 (9th Cir. 2006)(finding sanctions appropriate for bad faith conduct by one party that amounted to spoliation of evidence).

However, in light of the parties' inability to reach a compromise, the Court will determine the reasonableness of the fees requested by Defendants.  As an initial matter, the Court finds that Defendants have submitted sufficient itemization of their billing to determine whether the amount requested is proper. Defendants' breakdown of fees is as follows:

> 1) 8.3 hours by "associate attorneys" at $180/hr - meeting, researching, drafting, preparing the motion and reply, reviewing the opposition and legal authority; and
> 2) 3.4 hours by "senior attorneys" at $210/hr - reviewing the motion and reply.

Defendants spent approximately 1.5 business days responding to Plaintiff's FAC.  Plaintiff argues that these hours are excessive due to the fact that the FAC was identical to the original complaint, and thus only minor changes were needed to Defendants' motion and reply.  While this argument may be true if Plaintiff had alerted Defendants to the fact that his complaint was identical, it does not follow that Defendants or any attorney would naturally

4

presume this.  Defense counsel still had to read and analyze the FAC, compare it to the previous complaint, and prepare and file a timely response.  This understandably required work by both associates and senior attorneys.  Nevertheless, as a significant part of Defendants' work had been accomplished previously, the Court finds that their proposed fees should be reduced.  The Court finds that 1.5 days is an appropriate amount of time to review and respond to a substantially identical complaint, or 12 hours.  Using the same proportion of time between associates and senior attorneys as above, the resulting hours are as follows:

    1) 8.5 hours by "associate attorneys" at $180/hr; and
    2) 3.5 hours by "senior attorneys" at $210/hr.

Using the above figures, the Court finds that the total amount owed to Defendants is $2,265.

**IV.  CONCLUSION**

    For the foregoing reasons, the Court DENIES Defendants' Motion for sanctions.  The Court ORDERS Plaintiff to comply with its previous order, and to submit attorneys' fees to Defendants in the amount of $2,265.

IT IS SO ORDERED.

Dated: December 3, 2008

                                                             DEAN D. PREGERSON
                                                             United States District Judge