1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT                    O

9               CENTRAL DISTRICT OF CALIFORNIA

10

11 ANTON PREJEAN,                    )  Case No. CV 07-05053 DDP (CTx)
                                     )
12              Plaintiff,           )
                                     )  **ORDER DENYING MOTION FOR**
13      v.                           )  **SANCTIONS; ORDERING PAYMENT OF**
                                     )  **ATTORNEYS' FEES**
14 LYNWOOD UNIFIED SCHOOL            )
   DISTRICT, RACHEL CHAVEZ,          )
15 MARTINA RODRIGUEZ, MARIA          )  [Motion filed on July 31, 2008]
   LOPEZ, JOSE LUIS SOLACHE,         )
16 ALFONSO MORALES, GUADALUPE        )
   RODRIGUEZ, DHYAN LAL,             )
17 ROBERTO CASAS, DIANE LUCAS;       )
   ANIM MENER, MALCOLM BUTLER,       )
18                                   )
                Defendants.          )
19 _____    )

20 I.   **BACKGROUND**

21      The instant motion arises from a suit for discrimination and

22 retaliation on behalf of ten individuals, including Plaintiff Anton

23 Prejean, against Defendants.  Pursuant to this Court's order, on

24 August 2, 2007, Prejean and almost all other plaintiffs filed

25 individual complaints.

26      Defendants filed a motion to dismiss Prejean's complaint on

27 November 5, 2007.  Plaintiff did not oppose this request, and

28 instead asked for leave to file a First Amended Complaint ("FAC").

   The Court granted Defendants' motion, and Plaintiff filed his FAC

1    on December 18, 2007.  Defendants again moved to dismiss, and on

2    April 8, 2008, the Court dismissed Plaintiff's FAC and sanctioned

3    him for failing to conform his FAC to the guidelines expressed in

4    the Court's order dismissing a related case, <u>Davis v. Lynwood</u>

5    <u>Unified School District</u>, CV 06-06066.  The Court accordingly

6    awarded attorneys' fees to Defendants for the time spent preparing

7    their second motion to dismiss, which made many of the same

8    arguments already decided by the Court.

9         In the ensuing months, Plaintiff and Defendants were not able

10   to agree on a reasonable amount of fees or whether sufficient

11   documentation had been provided to support them.  On July 31, 2008,

12   Defendants moved for sanctions to enforce the Court's order, in the

13   amount of fees they had billed to Plaintiff for their hours:

14   $1,671.[1]

15        On August 21, 2008, the Court denied Defendants' Motion as to

16   fees relating to the preparation of the instant Motion.  The Court

17   also granted Plaintiff a further opportunity to respond to

18   Defendants' briefing, because Defendants only provided an itemized

19   breakdown of fees for the first time to Plaintiff in their Reply.

20   The Court also granted Defendants the opportunity to respond to

21   Plaintiff's Surreply.

22        Plaintiff has filed a Surreply and Defendants have filed a

23   Response.  Accordingly, the Court now considers the remaining

24   issues from the instant Motion - whether to award sanctions in the

25   above amount for violation of its order of April 8, 2008.

26   _____

27        [1] This number is actually <u>less than</u> the revised billing total
     in Defendants' itemized breakdown, which equals $2,208.  (Reply,
     Trejo Decl. ¶ 7.)  As $1,671 is requested in both Defendants'
28   Motion and Reply, the Court will not award more than this request.

## II.   LEGAL STANDARD

Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them.  Chambers v. NASCO, Inc., 501 U.S. 32, 33 (1991).  In invoking the inherent power to punish conduct which abuses the judicial process, a court must exercise "restraint and discretion" in fashioning an appropriate sanction, which may range from dismissal of a lawsuit to an assessment of attorneys fees.  Id. at 44-45; see also F.J. Hanshaw Enters. v. Emerald River Dev., Inc., 244 F.3d 1128, 1137-38 (9th Cir. 2001)(explaining a court has inherent authority to award sanctions for an attorney's bad faith conduct).  As long as a party receives an appropriate hearing, a party may be sanctioned for abuse of process occurring outside the courtroom, such as disobeying the court's orders.  Chambers, 501 U.S. at 57.

Additionally, 28 U.S.C. § 1927 allows a court to sanction an attorney personally who "so multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  To sanction an attorney under section 1927, a district court must find that the attorney acted recklessly or in bad faith.  See, e.g., Estate of Blas ex rel. Charqualaf v. Winkler, 792 F.2d 858, 860 (9th Cir. 1989)(finding sanctions were not appropriate where, even if a party's arguments were frivolous, there was no evidence of bad faith).

## III. DISCUSSION

The parties dispute why they have not been able to come to an agreement over reasonable attorneys fees, and it is unclear from the parties' moving papers who is principally responsible.

3

1  Defendants did not provide an itemized statement until their Reply,

2  but provided an invoice on May 30, 2008 in which they agreed to

3  provide billing documentation.  (Mot., Ex. 2.)  Plaintiff delayed

4  paying the invoice, but there appears to have been a lack of

5  documentation.  These facts do not rise to the level of sanctions,

6  as both sides share some blame for the current state of affairs and

7  the Court does not see evidence of bad faith.  See, e.g., Leon v.

8  IDX Systems Corp., 464 F.3d 951, 961 (9th Cir. 2006)(finding

9  sanctions appropriate for bad faith conduct by one party that

10  amounted to spoliation of evidence).

11      However, in light of the parties' inability to reach a

12  compromise, the Court will determine the reasonableness of the fees

13  requested by Defendants.  As an initial matter, the Court finds

14  that Defendants have submitted sufficient itemization of their

15  billing to determine whether the amount requested is proper.

16  Defendants' breakdown of fees is as follows:

17

18          1) 8.3 hours by "associate attorneys" at $180/hr –
            meeting, researching, drafting, preparing the motion and
19          reply, reviewing the opposition and legal authority; and
            2) 3.4 hours by "senior attorneys" at $210/hr – reviewing
20          the motion and reply.

21

22  Defendants spent approximately 1.5 business days responding to

23  Plaintiff's FAC.  Plaintiff argues that these hours are excessive

24  due to the fact that the FAC was identical to the original

25  complaint, and thus only minor changes were needed to Defendants'

26  motion and reply.  While this argument would be true if Plaintiff

27  had alerted Defendants to the fact that his complaint was

28  identical, it does not follow that Defendants or any attorney would

4

1   naturally presume this.  Defense counsel still had to read and
2   analyze the FAC, compare it to the previous complaint, and prepare
3   and file a timely response.
4   **IV.   CONCLUSION**
5        For the foregoing reasons, the Court DENIES Defendants' Motion
6   for sanctions.  The Court ORDERS Plaintiff to comply with its
7   previous order, and to submit attorneys' fees to Defendants in the
8   amount of $1,671.
9
10  IT IS SO ORDERED.
11
12  Dated: December 3, 2008
                                    _____
13                                  DEAN D. PREGERSON
                                    United States District Judge
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28