UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

O

| | |
|---|---|
| ANTON PREJEAN, ) | Case No. CV 07-05053 DDP (CTx) |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER GRANTING IN PART MOTION FOR** |
| v. ) | **SANCTIONS; ORDERING DEPOSITION OF** |
| ) | **PLAINTIFF** |
| LYNWOOD UNIFIED SCHOOL ) | |
| DISTRICT, RACHEL CHAVEZ, ) | [Motion filed on October 30, 2008] |
| MARTINA RODRIGUEZ, MARIA ) | |
| LOPEZ, JOSE LUIS SOLACHE, ) | |
| ALFONSO MORALES, GUADALUPE ) | |
| RODRIGUEZ, DHYAN LAL, ) | |
| ROBERTO CASAS, DIANE LUCAS; ) | |
| ANIM MENER, MALCOLM BUTLER, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.   BACKGROUND**

The instant motion for sanctions arises from a suit for
discrimination and retaliation by Plaintiff Anton Prejean against
Defendants.

On November 9, 2007, Plaintiff's attorney of record was served
by mail with a noticed deposition directing Plaintiff to appear at
10 a.m. on November 28, 2007 at the offices of Defendants' counsel
in Los Angeles.  (Diep Decl., Ex. A.)  Two days before this
deposition, on November 26, 2008, Plaintiff notified Defendants
that he objected to the deposition, on the grounds that he resided
in Cibolo, Texas.  (Diep Decl., Ex. D, E.)  On November 28, 2007,
Plaintiff also advised Defendants that he was unable to travel "at
this time" due to "medical conditions," although he did not
describe what his condition was, how long it might last, how it
limited his ability to travel or be deposed, or provide any other

1   information.  (Diep Decl., Ex. F.)  Plaintiff filed a First Amended

2   Complaint on December 18, 2007.

3       On January 24, 2008, Defendants served by mail a second

4   noticed deposition to Plaintiff's counsel directing Plaintiff to

5   appear on March 17, 2008, again at Defendants' offices in Los

6   Angeles.  (Diep Decl., Ex. B.)  Plaintiff failed to appear, without

7   any excuse.

8       On March 17, 2008, Defendants served by mail a third noticed

9   deposition for April 1, 2008, this time located at the offices of

10  Continental Court Reporters in San Antonio, Texas.  (Diep Decl.,

11  Ex. C.)  Defendants' counsel then traveled to San Antonio, Texas.

12  Plaintiff again failed to appear.  Plaintiff filed a Second Amended

13  Complaint ("SAC") on April 25, 2008.

14      The deadline for discovery in this case was October 1, 2008.

15  (Order, August 21, 2008.)  Defendants filed their first and only

16  motion to compel Plaintiff's deposition on September 29, 2008, two

17  days before the discovery deadline; which was denied as untimely by

18  Magistrate Judge Carolyn Turchin.  (Order, September 30, 2008.)

19  Trial is currently scheduled to begin on January 13, 2009.

20      Defendants now move for sanctions under Federal Rule of Civil

21  Procedure 37.  Specifically, Defendants seek monetary sanctions, in

22  addition to dismissal or evidentiary sanctions.[1]  Defendants filed

23

24

_____

25      [1] Defendants improperly styled their motion as a "Motion to
26  Dismiss for Failure to Attend Deposition or Alternatively, Motion
    for Evidentiary and/or Monetary Sanctions."  This title is
27  misleading.  As discussed _infra_, any motion under Rule 37(d) is for
    sanctions.  Furthermore, monetary sanctions are required if
28  sanctions are granted under Rule 37(d), and dismissal or
    evidentiary sanctions are discretionary.

1   this motion on October 30, 2008.  Plaintiff has not filed an

2   Opposition to the Motion.

3   **II.  LEGAL STANDARD**

4      A party to a lawsuit may take the deposition of any other

5   party without leave of court.  Fed. R. Civ. P. 30(a)(1).  No

6   deposition may be taken without "reasonable written notice" which

7   states the "time and place of the deposition and, if known, the

8   deponent's name and address."  <u>Id.</u>

9      Where a party fails to appear for its own deposition after

10  proper notice, the court may order sanctions if the other party

11  moves for them.  Fed. R. Civ. P. 37(d)(1)(A)(i).  Sanctions for a

12  party's failure to appear at a deposition may include:

13

14        1) directing that certain facts be taken as established
   for the purposes of the action;

15        2) prohibiting the party from supporting or defending
   certain claims, defenses, or evidence;

16        3) staying proceedings until the court's order is obeyed;
   4) dismissing the action in whole or in part; or

17        5) rendering default judgment against the disobedient
   party.

18  Fed. R. Civ. P. 37(d)(3).  However, if sanctions are awarded under

19  Rule 37, they <u>must</u> include "reasonable expenses, including

20  attorney's fees, caused by the failure, unless the failure was

21  substantially justified or other circumstances make an award of

22  expenses unjust."  <u>Id.</u>  Sanctions may be granted against the

23  attorney or the party failing to act.  <u>Id.</u>

24  **III. DISCUSSION**

25      On three occasions, Plaintiff failed to appear for his noticed

26  deposition.  Two of these absences were unaccompanied by any

27  excuse.  This is sanctionable conduct under the terms of Rule

28  37(d).  Defendants should not have to bear the costs of traveling

to Texas for a noticed deposition, only to find that Plaintiff has
not bothered to appear or advise them of his inability to attend
the deposition.  Plaintiff has submitted costs and fees in the
amount of $2,722.17, as well as a declaration describing how this
amount was calculated.  (See Diep Decl. ¶ 11-14.)  The Court
therefore grants Defendants' motion for fees against both Plaintiff
and his counsel.

Defendants' Motion also seeks terminating or evidentiary
sanctions and requests that the Court prohibit Plaintiff's
testimony at trial.  However, Defendants had a responsibility to
affirmatively enforce their discovery rights.  Plaintiff failed to
appear for his third deposition on April 1, 2008.  As this was
preceded by two other instances where Plaintiff had failed to
appear, it is unclear why Defendants traveled to Texas without a
court order or other guarantee that he would be present.

Defendants also then waited six months, until two days before
the discovery deadline, to file an untimely motion to compel.
Evidentiary and terminating sanctions are thus not appropriate,
because Defendants share some blame for delaying too long in
enforcing their discovery rights.  On the other hand, permitting
Plaintiff to testify without being deposed will likely disadvantage
Defendants; and Plaintiff should not be rewarded for his repeated
misconduct.

Defendants acknowledge that the Court may extend the discovery
deadline for Plaintiff's deposition, but argue this would "unfairly
extend the trial date" and "reward Prejean's conscious misconduct,"
because Plaintiff has "not participated in proving his own claims."
(Mot. 9.)  The Court disagrees.  Holding a deposition promptly from

4

the date of this Order will not delay the trial and would aid the parties greatly in presenting facts and argument.  Plaintiff's deposition is also necessary to give the trier of fact the opportunity to reach a decision based on a full hearing on the merits.  Holding Plaintiff's deposition is also the only way at this point for the Court to avoid unfair prejudice to either side, where both have failed to enforce their rights.

As such, the Court will re-open discovery for the limited purpose of obtaining Plaintiff's deposition.  The Court orders Plaintiff to appear for a deposition within 10 days of the date of this Order, at Defendants' counsel's offices, and bearing his own travel costs.  If Plaintiff does not comply with this Order, the Court will consider terminating sanctions, upon Defendants' motion.

**IV.   CONCLUSION**

The Court GRANTS Defendants' Motion for fees against Plaintiff and his counsel in the amount of $2,722.10, to be paid within 30 days.  The Court ORDERS Plaintiff to appear for a deposition at Defendants' counsel's offices within 10 days of the date of this Order, and to bear the costs associated with traveling there.

IT IS SO ORDERED.

Dated: December 3, 2008

DEAN D. PREGERSON
United States District Judge